

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

June 30, 1953

Hon. James A. Bethea, M.D.      Opinion No. S-61
Executive Director
Board for Texas State Hospi-   Re: Legality of a District
  tals and Special Schools          Attorney receiving a
Austin, Texas                       10% commission on col-
                                    lections on an account
                                    due for board and treat-
                                    ment when payments are
                                    to be made in monthly
                                    installments under sub-
Dear Dr. Bethea:                    mitted contracts.

     Your opinion request of May 27th concerns the
legality of a District Attorney receiving a 10% commis-
sion on collections on an account due for board and
treatment when payments are to be made in monthly install-
ments under the submitted contract.

     The District Attorney of Hill County filed suit
under Article 3196a, Vernon's Civil Statutes, on behalf
of the State, acting through the Board of Texas State
Hospitals and Special Schools, against the guardian of
a State hospital patient for $6,540.00 due the State for
board and treatment of the patient. In consideration of
the State dismissing its pending suit against the guardian,
the guardian agreed that the above amount was due the
State, that $1,000.00 should be paid immediately on the
account, and that $10.00 would be paid each month to ap-
ply on the balance of the above amount due the State.

     Section 5 of Article 3196a, V.C.S., reads as
follows:

     "Upon the written request of the State
Board of Control the County or District At-
torney, or in case of the refusal or inability
of both to act, the Attorney General, shall
represent the State in filing a claim in
Probate Court or a petition in a Court of
competent jurisdiction, wherein the guardian
of such patient and/or other person legally

liable for his support, may be cited to appear then and there to show cause why the State should not have judgment against him or them for the amount due it for the support, maintenance, and treatment of such patient; and, upon sufficient showing, judgment may be entered against such guardian or other persons for the amount found to be due the State, which judgment may be enforced as in other cases. A verified account, sworn to by the superintendent of the respective hospitals or psychopathic hospitals wherein such patient is being treated, or has been treated, as to the amount due shall be sufficient evidence to authorize the Court to render judgment therein. The County or District Attorney representing the State shall be entitled to a commission of ten (10) per cent, of the amount collected. All moneys so collected, less such commission, shall be, by the said attorney, paid to the State Board of Control, which shall receive and receipt for the same and shall use the same for the maintenance and improvement of said institution or institutions in which said patient shall have been confined."

This article clearly authorizes the District Attorney to represent the State in filing a claim, and provides that such District Attorney shall be entitled to a commission of 10% of the amount collected.

There being no question raised concerning the right of the District Attorney under the above mentioned statute to receive a 10% commission on the $1,000.00 when collected, we come to your inquiry whether he is entitled to such commission on the $10.00 to be paid monthly on the balance of the amount due the State under the contract.

It is clear, we think, that a District Attorney receives commissions only on the amount actually collected. Therefore, it is our opinion that a District Attorney would be entitled to a 10% of the $10.00, or so much thereof as may be actually collected, each month, when it has been paid in money to some officer authorized by law to collect it.

Section 5 of Article 3912e, V.C.S., provides that it is the duty of officers to charge and collect such commissions, and further states that "as and when such fees are collected they shall be deposited in the officers' salary fund. . ." Also see Tex. Const. Art. XVI, Sec. 61.

## SUMMARY

The District Attorney of Hill County will be entitled to receive 10% commission on the $10.00 to be paid monthly on a State hospital board and treatment account due the State, as provided in a contract with the guardian of a patient, when the $10.00 is actually collected, such commission to be deposited in the County Officers' Salary Fund of Hill County.

Yours very truly,

APPROVED:

Rudy G. Rice
State Affairs Division

C. K. Richards
Reviewer

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

WMK:am

JOHN BEN SHEPPERD
Attorney General

By _William M. King_
William M. King
Assistant